UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH BADASZEWSKI,

                                 Plaintiff,                Case # 18-CV-796-FPG

v.                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

**INTRODUCTION**

Plaintiff Deborah Badaszewski brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 14. For the reasons that follow, the Commissioner's motion is DENIED, Badaszewski's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

In May 2014, Badaszewski applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 67. She alleged disability since June 1, 2013 due to severe neck pain, degenerative disc disease, spinal stenosis, osteoarthritis, high cholesterol, and depression. Tr. 67-68. On March 16, 2017, Administrative Law Judge Timothy M. McGuan ("the ALJ") held a hearing at which Badaszewski and a vocational expert ("VE") testified. Tr. 38. On April 24, 2017, the ALJ issued

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

a decision finding that Badaszewski is not disabled. Tr. 15-30. On June 6, 2018, the Appeals Council denied Badaszewski's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the

claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Badaszewski's claim for benefits under the process described above. At step one, the ALJ found that Badaszewski had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Badaszewski has several severe

impairments, including degenerative disc disease, spinal stenosis, osteoarthritis, and fibromyalgia. *Id.* The ALJ found that Badaszewski's depression is a non-severe impairment. Tr. 18. At step three, the ALJ found that her impairments did not meet or medically equal any Listings impairment. Tr. 19.

Next, the ALJ determined that Badaszewski retains the RFC to perform light work with additional restrictions. Tr. 20. He did not include any nonexertional mental restrictions. *Id.* At step four, the ALJ relied on the VE's testimony to find that that Badaszewski can perform her past relevant work as actually and generally performed. Tr. 29. Accordingly, the ALJ concluded that Badaszewski is not disabled. *Id.*

**II.     Analysis**

Badaszewski argues, among other things, that the ALJ erred in evaluating the opinion of consultative psychologist Gregory Fabiano, Ph.D. Because the Court agrees, it need not address Badaszewski's other arguments.

Dr. Fabiano performed a consultative psychiatric evaluation in September 2014. Tr. 294. As is relevant here, he diagnosed Badaszewski with major depressive disorder. Tr. 297. Dr. Fabiano opined that Badaszewski had "some mild limitations in her ability to relate adequately with others and some mild to moderate limitations in her ability to appropriately deal with stress." *Id.* He further noted, "The results of the examination appear to be consistent with psychiatric problems, but in itself, this does not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." *Id.*

The ALJ gave "great weight" to Dr. Fabiano's opinion. Tr. 28. The ALJ found that Dr. Fabiano's evaluation was consistent with his own examination, the treatment notes of Badaszewski's treating physician, and her own reports of daily activities. *See* Tr. 18, 28. Based

4

in part on this evidence, the ALJ concluded that Badaszewski's depression is not a severe impairment and does not pose any functional limitations for RFC purposes. Tr. 18, 20, 28.

Badaszewski argues that the ALJ erred because, although he claimed to have adopted Dr. Fabiano's opinion, he did not include any limitations to "account for the mild to moderate limitations in dealing with stress which Dr. Fabiano opined." ECF No. 15 at 2. In Badaszewski's view, the ALJ disregarded "the portion of [Dr. Fabiano's] opinion which was supportive of [her] claim" and cherry picked the evidence. *Id.* The Court agrees.

An ALJ must "evaluate every medical opinion he receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997). An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Thus, when an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions. *Raymer v. Colvin*, No. 14-CV-6009P, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015); *see also Portal v. Saul*, No. 17-CV-5503, 2019 WL 4575391, at *4 (E.D.N.Y. Sept. 20, 2019) ("An ALJ is certainly permitted to assign different weights to different portions of a medical opinion, but when the ALJ uses a portion of a given opinion to support a finding, while rejecting another portion of that opinion, the ALJ must have a sound reason for this discrepancy." (internal quotation marks omitted)).

In this case, the ALJ purported to give "great weight" to Dr. Fabiano's opinion without any caveats. Tr. 28. But the RFC does not contain any stress-related functional limitations that correspond to Dr. Fabiano's view that Badaszewski has "some mild to moderate limitations in her ability to appropriately deal with stress." Tr. 297. In other words, Dr. Fabiano seems to have believed that Badaszewski suffered some, albeit minor, nonexertional mental limitations.

Apparently recognizing the inconsistency between Dr. Fabiano's opinion and the RFC,[2] the Commissioner responds that an ALJ is not required to include all the limitations from a medical opinion. ECF No. 14-1 at 11-12. That may be true, but the infirmity here is that the ALJ adopted a portion of a medical opinion without explaining why. An explanation is necessary to permit meaningful judicial review and ensure that an ALJ does not simply cherry pick evidence supporting his ultimate conclusion. The ALJ did not offer any explanation when he adopted some portions of Dr. Fabiano's opinion and implicitly rejected others. That constitutes error. *See, e.g.*, *Raymer*, 2015 WL 5032669, at *5.

Citing various evidence in the record, the Commissioner also argues that "the record in this case does not support stress-related limitations." ECF No. 14-1 at 12. To the extent the Commissioner is attempting to supply the necessary explanation as to why the ALJ might have rejected that part of Dr. Fabiano's opinion, it is well-settled that this Court may not accept "*post hoc* rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). To the extent the Commissioner is arguing that the ALJ's error is harmless because there is insufficient evidence to support any stress-based functional limitations, the Court is not persuaded. The

---

[2] The Commissioner does not argue that a "mild to moderate" limitation in dealing with stress is consistent with an RFC that contains no stress-based restrictions. Even if it could be, the ALJ did not state that he interpreted Dr. Fabiano's opinion in that way. And therein lies the problem: by failing to provide a sufficient explanation for the weight he gave Dr. Fabiano's opinion, the ALJ did not uphold his duty to "build an accurate and logical bridge from the evidence to [his] conclusion [so as] to enable a meaningful review." *Hamedallah v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012).

opinion of a medical expert like Dr. Fabiano is itself evidence that Plaintiff has such restrictions. While the ALJ may not be required to adopt it, neither may he disregard it without explanation.

Accordingly, because the ALJ failed to provide an adequate rationale when he implicitly rejected a portion of Dr. Fabiano's opinion, remand for further proceedings is required.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED and Badaszewski's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 30, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court